JOHN MYERS, PLAINTIFF IN ERROR, v. REINHART KOENIG, DEFENDANT IN ERROR.

**Forcible Entry and Detention of Real Property.** In a proceeding for forcible entry into property, the gravamen of the action is, the unlawful and forcible entry into and detention of real property, in the trial of which title to real estate cannot be drawn in question.

ERROR from the district court of Butler county. Tried below before POST, J.

The plaintiff in error commenced the action before a justice of the peace against the defendant for the unlawful and forcible entry into and detention of real property. The bill of exceptions shows that plaintiff offered in evidence a patent of the United States for the lands in controversy, dated March 1, 1875 and recorded May 4, 1875. Defendant offered receiver's certificate to Rudolph Martin dated June 29, 1871, and recorded August 18, 1871, and deed from Martin to him of same date, and moved the court to dismiss the cause on the ground that title to real estate was drawn in question, and the justice was thereby ousted of jurisdiction, which motion the court overruled. The justice rendered judgment that the plaintiff have restitution of the premises and recover of

the defendant his costs. This judgment was reversed by the district court and plaintiff brought the cause here by petition in error.

*Millet & Son,* and *E. R. Dean,* for plaintiff in error.

Title to real estate was not drawn in question for the reason that there was no evidence introduced by the defendant in the trial before the justice that was competent to draw the title in question. 1 Cokes Inst., 345. 2 Black Com., 195. A justice of the peace may try titles, so far as they come incidentally in question in deciding upon unlawful entries. *Jarvis v. Hamilton,* 16 Wis., 581. *Heritage v. Wilfong,* 58 Penn. State, 137. *Cary v. Richards,* 4 West Law Monthly, 251.

*Higgins & Crites,* and *Whitmoyer,* for defendant in error.

The defendant was in peaceable possession of the premises, and where plaintiff is compelled in the first instance to prove title to real estate, the jurisdiction is excluded. *Bridewell v. Barcroft,* 4 West Law Mon., 619. *Main v. Cooper,* 25 New York, 180. *Gage v. Hill,* 43 Barb., 46.

A deed of land is evidence of legal title of as high an order as a patent. A patent from the government is no more conclusive as to the rights of the grantee, than is a warranty deed from an individual. They are both among the highest evidences of legal title with the advantages in favor of the deed. The patent is more fluctuating and more uncertain. It may issue to-day and be declared void to-morrow. It may issue to-day to A. and for the same premises to B. one year hence. Upon the introduction of the deed in evidence before the justice by defendant, the plaintiff and defendant confronted each other with their respective evidences of legal title, and the

justice had no power to pass upon the relative validity of such deeds. If the justice could go behind the deed from Martin and inquire into his rights to convey, where would his investigation end? If he could go back one step he could go back twenty, and inquire into the validity of as many mesne conveyances. His act in declaring the deed from Martin, held by Koenig, as of no avail against the patent held by Myers, is the very act which the law says he has no power to perform.

In the absence of evidence showing the fraud or cancellation of the receiver's certificate to Martin, the same in connection with the deed constituted evidence of legal title in the defendant. *Franklin v. Kelly*, 2 Neb., 79. *Myers v. Croft*, 2 Neb., 481. *Dillingham v. Fisher*, 5 Wis., 475.

GANTT, J.

Upon error to the district court, the judgment of the justice of the peace in this case was reversed, and the cause was dismissed on the ground that, in the trial before the justice, title to real estate was drawn in question so as to oust the jurisdiction of the justice over the subject matter. This is the controlling question in the case, and the only one it is deemed necessary to notice. Title XXX, Chap. 1, of the civil code defines the jurisdiction of justices of the peace, and provides that they shall not have cognizance of "actions in which title to real estate is sought to be recovered, or may be drawn in question, except actions of trespass on real estate, which are provided for in this title." The only action of trespass upon real estate provided for in this title, is that for trespass *vi et armis*, under Chap. 10, entitled "action for forcible entry and detention, or forcible detention only of property." Hence, it seems that the restraint of jurisdiction, contained in the law referred to,

was not intended to apply to actions brought under Chap. 10 for forcible entry into and detention of real estate. The jurisdiction given in such actions is well founded in the principles of jurisprudence, and is not in conflict with the constitution, for the complaint sets forth an injury or wrong criminal in its nature, and the gravamen of the action is, the *unlawful and forcible entry into and detention of real property.* Therefore the title to real estate cannot be drawn in question on the trial of such action; and it is expressly provided in the law that the judgment in such action of trespass shall not be a bar to any after action brought by either party. In *Mitchell v. Davis*, 23 Cal., 385, it is said that "if the defendant has any title or right of possession, it must be tried in some other action proper for trying such questions, but the present is not an action of that kind. He was not justified in attempting to force any such right by taking forcible possession of the land in dispute. He must first deliver up the possession thus forcibly acquired, and then he may be in a situation to litigate, in a proper action, any valid right or title he may have to the land. One great object of the forcible entry act is to prevent even rightful owners from taking the law into their own hands and attempting to recover by violence, what the remedial powers of a court would give them in a peaceful mode. 3 Black. Com., 179. *Carroll v. O'Conner*, 25 Ohio State, 617. *Jarvis v. Hamilton*, 16 Wis., 580.

The judgment of the district court must be reversed, and the judgment of the justice of the peace in favor of plaintiff and against defendant is affirmed.

JUDGMENT ACCORDINGLY.