J. M. PENCE, PLAINTIFF IN ERROR, v. GEORGE P. UHL, DEFENDANT IN ERROR.

1.  **Former Suit in Bar.**    Action of forcible entry and detention. Answer, former suit in bar.    Evidence—suit between the same parties for the forcible entry and detention of the same property in the county court.    Judgment of non-suit.    Cause taken to the district court, on error, by the plaintiff.    Judgment of the district court that the county court had no jurisdiction of the action.    *Held*, no bar to the present action.

2.  **Abuse of Discretion.**    After defendant had rested his case, he applied to the justice for leave to withdraw his rest, for the purpose of showing "how Pence came into possession, that Pence holds under Dorrington, and that Dorrington has deed to land from Lowe, and Dorrington bought house from Raw." Application refused.    In the light of the facts in the case, *held*, no abuse of discretion.

ERROR from the district court for Richardson county. Tried below before WEAVER, J.

*Reavis & Thomas* and *Clarence Gillespie,* for plaintiff in error.

*George P. Uhl, pro se.*

COBB, J.

This action was originally brought before a justice of the peace, by the defendant in error, and seems to be a continuation of the litigation involved in the cause between the same parties decided at the present term.

Complaint for the forcible entry and detention of lots one and two in block sixty-five, in Falls City, etc. Answer, not guilty, and further setting up former adjudication of all questions which could arise in case at bar, in an action then lately tried in the county court of Richardson county, between the same parties plaintiff and defendant. And also setting up the statute of limitations.

Trial, and judgment for the plaintiff. Error to the district court, where the judgment was affirmed; to correct which latter judgment the cause is brought to this court on error.

The petition in error presents substantially but two points: 1st. Was the former adjudication set up in the answer a bar to the second action? And, 2d, Was it an abuse of discretion on the part of the justice to refuse to allow the defendant below to withdraw his rest, for the purpose of showing "how Pence came into possession; that Pence holds under Dorrington, and that Dorrington has deed to land from Lowe, and Dorrington bought house from Raw."

As to the first point, the record introduced in evidence and preserved in the bill of exceptions, shows that in the suit which is here pled in bar, the plaintiff

23

was non-suited in the county court, which judgment of non-suit was taken to the district court, and that the district court disposed of the same by a judgment that the county court had no jurisdiction of the cause. This record did not show a final decision of the matter in dispute on the merits, but only showed a futile attempt to litigate the same, and was no bar to a subsequent suit.

As to the second point: It is a matter within the discretion of a court whether it will allow a party who has closed his case to withdraw his rest and introduce additional testimony. But in all matters of discretion, the same should be fairly, and neither unreasonably or oppressively, used; and this court would not hesitate to hold a gross abuse of discretion to be reversible error, in a proper case. In this case, the object of the defendant in asking leave to withdraw his rest was to introduce testimony to show that Pence held possession under Dorrington, that Dorrington had a deed to the lots from one Lowe, and had bought the house from Raw; and although the request in this shape was denied, yet when renewed in a somewhat different form, it was granted, and all the testimony let in which probably could have been produced had the request been granted in its original form. This testimony was ineffectual, for the reason that it was not claimed that Pence's possession could be traced back to anybody who had the right of possession as against the plaintiff Uhl. This was a possessory action. It had nothing to do with titles. And where titles are relied upon to establish the right to possess real estate, resort must be had not only to another tribunal but also to a different form of action.

Thus viewing the law of this case, I do not think that the justice was guilty of any abuse of discretion in refusing the request of the defendant below to with-

draw his rest for the purpose indicated. Nor do I think there is any error in the record calling for a reversal of the judgment of the district court. It must therefore be affirmed.

JUDGMENT AFFIRMED.