JOHN McCUE, PLAINTIFF IN ERROR, v. JOHN LEE, DEFENDANT IN ERROR.

**Forcible Entry and Detention:** APPEAL. In actions for the forcible entry and detention or forcible detention of real property, on appeal to the district court it is not necessary that new pleadings be filed.

ERROR to the district court for Clay county. Tried below before MORRIS, J.

*Seymour G. Wilcox* and *W. S. Prickett*, for plaintiff in error.

*Hurd & Matters*, for defendant in error.

REESE, J.

This action was commenced before a justice of the peace for the possession of certain real estate alleged to be forcibly detained by the plaintiff in error. Judgment of restitution was rendered in favor of the then plaintiff, and from which the plaintiff in error appealed to the district court. The judgment was rendered by the justice on the 16th of February, and the transcript was filed in the district court on the 8th day of May following; that being the first day of the succeeding term. The cause was set down for trial at that term, over the objections of the plaintiff in error, who then filed a motion for a continuance. This motion was overruled by the court when he filed sundry objections to being compelled to go to trial. These were likewise overruled. The plaintiff in error excepted to the decision of the court in both instances and declined to participate further in the proceedings. A jury was impaneled and trial had resulting in another verdict and judgment in favor of the plaintiff in that action. Plaintiff in error now brings the case into this court for review by proceedings in error.

The contention in this court is, that issues should have been formed in the district court by the filing of a petition, answer, etc., as in other cases under sections 1010 and 1010a of the civil code, and that the court erred in setting the case down for trial at the first term after the appeal without continuing the cause, and ordering issues to be joined. It is claimed that by the provisions of the act of February 27, 1883, page 327, Laws of 1883, actions of this kind are recognized as "actions" under the code, as well as by section 8 of the civil code, which fixes the time within which actions of this kind can be brought, and that by the provisions of section 1010a the pleadings must be filed and issues joined as in other cases. We cannot coincide with this view. It is true that proceedings

of this kind are properly denominated "actions." But the action of forcible entry and detainer, or detainer only, is governed by rules of procedure provided by the code for actions of its kind. "The complaint sets forth an injury or wrong criminal in its nature." *Myers v. Koenig*, 5 Neb., 422, and the gravamen of this action is the unlawful and forcible detention of real property. No other pleadings are provided for by law than the complaint. No bill of particulars is required to be filed by either party, and no issue can be tried except that of the guilt or innocence of the defendant. The finding of the court or the verdict of the jury must be confined to this one question, and this is true on the trial in the district court as well as before the justice. It seems to us quite clear that it was not the intention of the legislature to require the filing of a new complaint on appeal, but that in that particular, as in the mode of trial, the procedure should be different from that laid down for other civil actions.

It might be further observed that the law (section 1023, civil code) substantially provides what the contents of the complaint shall be. The requirements of that section could not be ignored in the district court on appeal. The law nowhere provides for the contents of a bill of particulars in a justice court. It must state the facts constituting the cause of action in a plain and direct manner, and it has been held that a statement of account or the filing of a promissory note with the justice is a sufficient compliance with the law governing bills of particulars. But in the district court another rule has been provided by law. The petition stating facts and a demand for the relief sought must be filed, which takes the place of the bill of particulars. This cannot be the case in actions of the kind before us.

The decision of the district court was correct, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.