VALENTINE LIPP, PLAINTIFF IN ERROR, v. CARY M. HUNT, DEFENDANT IN ERROR.

1. **Fraud**: CONTRACT FOR SALE OF REAL PROPERTY. An oral contract for the purchase of real estate, followed by the payment of a portion of the purchase price, and the taking and retention of actual possession of the property purchased, would constitute a valid contract, not within the statute of frauds.

2. ———: PURCHASE BY THIRD PARTY. A third party purchasing the property from the vendor while the first vendee was in actual and notorious possession of the real estate, would be charged with knowledge of his rights, and the purchase would be subject thereto.

3. **Forcible Entry and Detention**: JURISDICTION. In an action for forcible entry and detention, the mere filing by the defendant of an answer claiming title to the premises will not deprive the court in which the action is pending of jurisdiction; but if it should appear from the evidence that the question involved was one of title and not for possession of the premises alone, the case should be dismissed. *Pettit v. Black*, 13 Neb., 142.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*B. G. Burbank* and *John L. Webster*, for plaintiff in error, cited: *Main v. Cooper*, 25 N. Y., 181. *Cassidy v.*

*Clark*, 62 Ga., 412.  *Davidson v. Phelps*, 9 .Yerg., 93. *Young v. Freeman*, 15 N. J. Law, 30.  *Jordan v. Walker*, 52 Iowa, 647.  *Houzik v. Delaglise*, 65 Wis., 494.  *Grohousky v. Long*, 20 Neb., 365.  *Dawson v. Dawson*, 17 Id., 671.  *Pettit v. Black*, 13 Id., 154.  *C., B. & Q. R. R. v. Skupa*, 16 Id., 346.

*Charles H. Foxworthy* and *J. R. Webster*, for defendant in error, cited:  *Baker v. Wiswell*, 17 Neb., 58.  *Poland v. O'Connor*, 1 Id., 50.  *Barton v. Patrick*, 20 Id., 654. *Smith v. Kaiser*, 17 Id., 186.  Maxwell Justice Practice, 250.

REESE, CH. J.

This was an action of forcible entry and detainer, commenced before a justice of the peace in Douglas county for the possession of lot seven in block seventy-seven, in South Omaha.

After the trial before the justice of the peace, the cause was appealed to the district court, where another trial was had, which resulted in a verdict and judgment in favor of the plaintiff in the action.

The defendant in that action, as plaintiff in error here, brings the case into this court by proceedings in error.

A number of questions are discussed in the very elaborate briefs presented by the parties, and these were submitted with extensive oral arguments at the bar of the court, but we think it necessary to examine but one of the questions presented, as that must be decisive of the case in this court.   The other questions will scarcely arise upon the next trial, should one be had.

The property in dispute formerly belonged to the South Omaha Land Syndicate, and was sold by a written contract to F. S. Lewis, on time, the payments to be made by installments.   This contract was assigned by Lewis, and

through *mesne* transfers became the property of one Frank Pivonka. While Pivonka was the owner of the contract, it is alleged by plaintiff in error that he (plaintiff in error) purchased the lot from Pivonka and immediately took possession thereof. No written assignment of the contract, however, was made to plaintiff. Subsequent to that time Pivonka assigned the contract to defendant in error, who made the final payments and procured a deed, knowing plaintiff in error was in possession of the property. Defendant in error served upon him the usual notice to quit, and upon his failing to vacate the premises instituted this action.

Upon the trial it was insisted by plaintiff in error, in his testimony and otherwise, that he purchased the property from Pivonka in January or February, 1885, and that he immediately took possession and has been in actual and notorious possession ever since; that two or three days after his purchase, which was by oral contract, he began to deposit material, consisting of sand, brick, and lumber, upon the lot, by the consent of his vendor, who gave him the possession, and that during the early spring he placed upon it about sixty loads of sand and about ten thousand brick, and then constructed a small lime house in which to store lime, his purpose being to make of it a place of deposit for the material which he was using in the construction of buildings in that neighborhood; that in accordance with the terms of his contract with Pivonka he paid the full purchase price for the lot, and was entitled to an assignment of the contract.

It is contended that his possession was such as to give notice to all persons of his rights, as the owner of the property, and that the purchase of defendant in error was subject to his rights as the former purchaser. Much of this testimony was contradicted by the witnesses on the part of defendant, but we find an unequivocal statement by Mr. Pivonka in his evidence that he did make a con-

tract with plaintiff in error, by which he sold him the lot, but it was insisted by the witness that plaintiff in error did not comply with the terms of his contract, and that the sale was abandoned. This, however, is denied by plaintiff in error in his testimony, and it is insisted that the contract was carried out in all respects to the satisfaction of Pivonka. Defendant in error was called as a witness in his own behalf, and inquired of as to whether or not there were any improvements on the property at the time he made the purchase. His answer was, "I cannot recollect any improvements on it at that time, when I bought the lot of Mr. Pivonka."

The principal contention between the parties in the district court was, 1st, as to whether or not the contract made between plaintiff in error and Pivonka was executed on the part of plaintiff in error; and 2d, whether or not there were such improvements upon the property at the time of the purchase of defendant in error (which occurred long subsequent to plaintiff's purchase and his alleged possession) as would be notice of plaintiff's rights.

We presume the law is well settled in this state, at least, that if a purchase of real estate is made, even by an oral contract, if any considerable portion of the purchase money is paid and possession taken by the vendee, that this will be sufficient to take the contract out of the statute of frauds, and entitle the vendee to the performance of his contract. Also, that during such possession, if open and notorious, any purchase of the property by a third party will be with notice of the first vendee's rights, and will not cut off his equities. These questions can be litigated only in a court having equity powers.

An action of forcible entry and detention, or of forcible detention only, is simply a possessory one, and no question of title or of the equities of the contending parties can be there settled.

If the testimony of plaintiff in error was true, he was not

only entitled to the possession of the property, but to a conveyance of the title.

Whether true or not the question could not be settled in an action of forcible detention. It is true that the mere presentation of an issue of title by the answer will not of itself oust a court of jurisdiction in actions of this kind. But if it should appear upon the trial that the action is not solely for the recovery of the premises in dispute, but for the purpose of determining the question of title, the court will have no authority to proceed in the case. Its jurisdiction would be ousted. *Pettit v. Black*, 13 Neb., 142.

The same question was substantially presented in the *C., B. & Q. R. R. Co. v. Skupa*, 16 Neb., 346. In that case the defendant in the action was in possession under a contract of purchase from the railroad company, but it was alleged that he had failed to comply with his contract, and that by its terms he had lost his right of possession. It was held that the action could not be maintained.

The issue tried in this case, and the evidence introduced, was substantially the same as would have been required had the action been one of ejectment, in which plaintiff in error had set up his equitable title and demanded the performance of his contract and the execution of the proper deed of conveyance. As soon as this inquiry was entered upon and sufficient testimony taken to show that such an issue did in fact exist, the court was ousted of its jurisdiction, and the case should have been dismissed.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.