Green v. Morse.

WILLIAM H. GREEN, APPELLANT, V. ISABELLA E. MORSE ET AL., APPELLEES.

FILED JANUARY 5, 1899. No. 10439.

1. Courts: EFFECT OF ADJOURNMENT. An adjournment of court to a subsequent day in the term is merely an intermission, and neither adjourns the term nor deprives the judges of control of the proceedings.

2. ——: ——: POWER TO RECONVENE. Notwithstanding such an order the court may revoke it and reconvene before the time fixed in the order of adjournment.

3. ——: ——: RECONVENTION. Where the record shows an order adjourning to a future day in the term, and judicial proceedings carried on in the interval, it will be presumed, in favor of regularity, that there has been a reconvention and an express or implied vacation of the order of adjournment.

4. ——: ——: ——: RIGHTS OF LITIGANTS. The rights of litigants under such circumstances, who have been prejudiced by reliance upon the order of adjournment, present questions not involved in this case.

5. **Forcible Entry and Detainer:** PURCHASER AT JUDICIAL SALE. An action in forcible entry and detainer lies in favor of a purchaser at judicial sale to recover possession of the premises purchased, when the judgment debtor was in possession at the time the judgment or decree was rendered whereunder the sale was made.

6. ——: WRIT OF ASSISTANCE: . INJUNCTION. The remedy by forcible entry and detainer and by writ of assistance in the original case are concurrent, and an injunction will not be allowed to restrain the prosecution of a case in forcible detainer merely because the district court might proceed by writ of assistance.

7. ——: JURISDICTION OF JUSTICE OF THE PEACE. A justice of the peace or county court is not ousted of jurisdiction in a forcible entry and detainer case by the mere averment in that case or elsewhere that it involves the question of title. It has jurisdiction to proceed until the evidence discloses such fact.

8. **Sheriff's Deed:** TIME OF EXECUTION AND DELIVERY. A sheriff's or master's deed, executed after confirmation of sale and before supersedeas of that order, and delivered after judgment of affirmance and filing of a mandate, is regular.

9. **Pleading as Evidence.** A pleading is not competent evidence, in favor of the party whose pleading it is, of the facts averred therein.

APPEAL from the district court of Douglas county. Heard below before SCOTT, J. *Reversed.*

*George E. Pritchett,* for appellant.

*Wright & Thomas, contra.*

IRVINE, C.

In this case, an appeal from an order granting a perpetual injunction, there is a motion to dismiss the appeal, based on the ground that the order appealed from was made in vacation and is therefore void. It is said that the October term of the district court of Douglas county was adjourned October 3, 1898, until November 1, 1898, and that the decree was rendered October 4, during the

intermission.   At the bar the question argued was
whether, where there are seven judges in a district, con-
currently holding the district court of a county, six may
make an order of adjournment which will preclude the
seventh from thereafter holding court during the allotted
period of the term.   An inspection of the record discloses
no state of affairs raising precisely that question.   What
does appear is that the October term was begun and
held October 3; that on that day an order apparently
regular, made "by the court" and signed by six judges,
was entered, adjourning the term until the first day of
November.   It then appears that the decree appealed
from was entered October 4 by the one judge who did
not sign the order of adjournment.   The record does not
disclose that it contains all the orders affecting the ad-
journment and holding of the court.   There is a marked
distinction between an adjournment *sine die* of a term of
court, and those intermissions which inevitably occur
during a term. · A court has the inherent power during
the term of suspending business, as occasion may require,
from one hour or one day to another.   In this respect
there is no difference between an adjournment from one
day to the next, and an adjournment to a more distant ·
day.   In either case the term continues, and while during
the intermission the functions of the court are for some
purposes suspended, still the court remains in existence
and it is still term time.   The judges do not by such an
order lose all power of control over the sessions, and
may revoke the order of adjournment and reconvene be-
fore the time first fixed.   (*Bowen v. Stewart*, 128 Ind. 507;
*Wharton r. Sims*, 88 Ga. 617; *Cole County v. Dallmeyer*,
101 Mo. 57.)   While this record discloses an apparently
regular order of adjournment until November 1, it also
discloses the conduct of judicial business October 4, and
it must be presumed that there had been a reconvention
of the court and a rescission of the order of adjournment,
whether by regular order vacating the former or by ac-
tion equivalent thereto is not material.   (*Clough v. State*,

7 Neb. 320.)   The motion to dismiss the appeal must therefore be overruled.

In what has been said it has not been the intention to convey any inference whatever as to what would be the rights of litigants who, relying on the order of adjourn- ment, had absented themselves for want of notice of the reconvention of the court, or of those who might, al- though with notice, be unprepared for a trial thus brought on prior to the time on which they might per- haps rely as the earliest when trial could be demanded. This record does not disclose that there was any surprise. Both parties were present and no objection appears to going to trial at the time trial was had.

We are thus brought to the merits of the appeal.   The case was a proceeding in foreclosure.   A decree was ren- dered, a stay taken, the land then sold, the sale con- firmed, and an appeal taken by the defendant from the order of confirmation.   By this court the order of con- firmation was affirmed.   A mandate was sent to the dis- trict court commanding the enforcement of the order.   A deed was issued to the purchaser, who demanded posses- sion, and possession was refused.   The purchaser then instituted an action in forcible entry and detainer for the recovery of possession of the property.   The defend- ant then filed in the original case a supplemental peti- tion, asking an injunction to restrain the purchaser from prosecuting the forcible entry and detainer case and from interfering with defendant's possession.   It is the order making a temporary injunction of that character per- petual that is appealed from.

We are not favored with a brief in defense of the order of the district court, and we are decidedly of the opinion that it is entirely indefensible.   The supplemental pe- tition, aside from reciting the proceedings in the case, alleges that the cause is still pending in the district court to carry out the mandate; that the plaintiff has filed "a pretended deed," dated and executed while the order of confirmation was superseded by the former appeal; that

the property is defendant's homestead; that the forcible entry and detainer case will necessarily raise the question of title; and that the court where that is depending is therefore without jurisdiction. These averments show no right to relief by injunction. The Code of Civil Procedure, section 1020, expressly makes the remedy of forcible entry and detainer available "in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made." It was shown that such was the case here. Where that remedy is given, that and a writ of assistance are concurrent remedies. (*Kessinger v. Whittaker*, 82 Ill. 22.) The pursuit of the former did not oust the district court of whatever jurisdiction it had retained, and was not an usurpation of that jurisdiction. Nor were the forcible entry and detainer proceedings without jurisdiction because of the averment in the supplemental petition here that they would require an inquiry into the title of land. Even an answer to that effect in the forcible entry suit would not oust the jurisdiction. The court might still proceed until the evidence should disclose that the question involved was one of title. (*Pettit v. Black*, 13 Neb. 142; *Lipp v. Hunt*, 25 Neb. 91.) The averment that the deed to plaintiff was executed while the order of confirmation stood superseded, even if it could give or contribute to the right of an injunction, was not sustained. The answer averred that the deed had been executed before the supersedeas was effected, and that it had not been delivered until after affirmance and the receipt of the mandate. There was no reply, and this averment therefore stood admitted. Moreover, it was proved at the trial. The deed was therefore both executed and delivered while the judgment was enforceable. Of course the averment in the supplemental petition that the premises constituted a homestead was of no force whatever to prevent the carrying into effect of a decree unappealed from ordering the

sale of the property, and of an order of confirmation following such sale.

It may further be remarked that the only evidence the defendant offered to prove the averments of the supplemental petition was that somewhat remarkable document itself. A pleading in a cause is not competent evidence to prove the facts therein averred.

The judgment of the district court is reversed, the perpetual and the temporary injunctions both dissolved, and the supplemental petition dismissed.

REVERSED.