## O. C. TARPENNING V. WILLIAM KING.

FILED MAY 2, 1900.   No. 9,232.

1. **Forcible Entry and Detainer**: GRAVAMEN OF ACTION. The grava-
men of the action of forcible entry and detainer, is the un-
lawful and forcible entry upon and detention of real property.

2. ———: OWNER HAVING POSSESSORY RIGHT, ENTERING VI ET ARMIS.
The action of forcible entry and detainer may be maintained
by one who has been deprived of the possession of real prop-
erty by an unlawful and forcible entry thereon made by a person
having the absolute title and present right of possession.

ERROR to the district court for Saunders county. Tried
below before SEDGWICK, J. *Reversed.*

*O. C. Tarpenning,* for himself:

The executor by pleading in the lower court says the de-
ceased conveyed the homestead through fraud. Had this
been true plaintiff in error was entitled to the value of
land at the time of being evicted of his title. 2 Warvelle,
Vendors, 967, 968; *Carver v. Taylor,* 35 Nebr., 429.

*S. H. Sornborger* and *G. W. Simpson, contra:*

The plaintiff had already invoked the appropriate
remedy and recovered for all the injuries complained of
in this case. That suit was wholly inconsistent with
the contention of the plaintiff herein. The two remedies,
one against Brodahl's estate, and the other against King,
are not concurrent. These two actions could not have
been prosecuted at the same time, hence they can not
be prosecuted in succession. No greater inconsistency
can be imagined than an action against the Brodahls for
a failure of title and possession, and one against King
for the possession of the same land. When the plaintiff
recovered judgment in the one instance he certainly is
not entitled to prosecute another action based on the
same wrong. His election is final. *Fowler v. Bowery
Savings Bank,* 113 N. Y., 450, 10 Am. St. Rep., 489, and

note; *Terry v. Munger*, 121 N. Y., 161; *First Nat. Bank v. McKinney*, 47 Nebr., 149; *Pollock v. Smith*, 49 Nebr., 864.

SULLIVAN, J.

This action was brought by O. C. Tarpenning against William King under the provisions of chapter 10, title 30, of the Code of Civil Procedure. The land in controversy being part of the public domain, Olof Brodahl, who had been a soldier in the regular army, attempted to acquire title to it under the act of congress allowing additional homestead rights to the volunteer soldiers of the civil war. He obtained a final receipt from the local land office and then, without waiting for a patent to issue, sold and conveyed his rights to the plaintiff, who took possession of the property and enclosed it with a substantial fence. The defendant afterwards instituted a contest against Brodahl before the register and receiver of the land office, but whether such contest resulted in the cancellation of Brodahl's entry, does not appear. It does, however, appear conclusively that after the proceeding had been pending for some time, the defendant broke down the plaintiff's fence, forcibly entered upon the land and excluded him from the possession thereof. Tarpenning then filed a claim against the estate of Brodahl, who had previously died, for damages resulting from the failure of his title. This claim was compromised; it was allowed in part with the understanding that Tarpenning should retain whatever rights he had acquired by virtue of the Brodahl deed and his possession under it. The district court found the issues in favor of the defendant and gave judgment accordingly. The only argument advanced in support of the decision, is that the plaintiff, having recovered damages on the theory that his title had failed, and that he had been evicted, is now precluded from asserting that his title is valid and his right of possession superior to that of the defendant. Undoubtedly the filing and allowance of the claim against Brodahl's estate, was legal evidence

against the validity of plaintiff's title, but we do not see upon what principle it could operate as an estoppel in favor of the defendant. He did not claim through Brodahl and could, therefore, gain nothing by the transaction between the plaintiff and Brodahl's executors. But the decisive question in this case is not whether Tarpenning has a good title to the land, but whether the defendant may retain the possession which he acquired by force.

The purpose of the action was not to determine the actual ownership of the property or the legal right to its possession. The ground of complaint was that the entry and detention were unlawful and forcible, and the defendant could not justify by showing either an absolute ownership or a possessory right. "Where the proceeding is for a forcible entry or for a forcible detainer," say the supreme court of Wisconsin, in *Newton v. Leary*, 64 Wis., 190, "it is the nature of the entry or detainer which constitutes the cause of action, and not the nature of the title which the respective parties have in the premises." In *McCauley v. Weller*, 12 Cal., 500, 524, it is said: "Questions of title or right of possession can not arise; a forcible entry upon the actual possession of plaintiff being proven, he would be entitled to restitution, though the fee simple, title and present right of possession are shown to be in the defendant." Our statute in plain terms makes the character of the entry and detention the test of the plaintiff's right when the complaint charges that the defendant's possession was obtained forcibly and is being held by force. Section 1019, Code of Civil Procedure, provides that if the justice shall determine "that an unlawful and forcible entry has been made, and that the same lands and tenements are held by force, * * * then said justice shall cause the party complaining to have restitution thereof." "One great object of the forcible entry act," says GANTT, J., in *Myers v. Koenig*, 5 Nebr., 419, 422, "is to prevent even rightful owners from taking the law into their own hands

and attempting to recover by violence, what the remedial powers of a court would give them in a peaceful mode." The defendant's entry upon the land here in controversy was unlawful and forcible. That proposition is settled by *Brown v. Feagins*, 37 Nebr., 256. That such an entry when followed by a possession forcibly maintained, gives a right of action, is fully established by the authorities cited. There is nothing in the record tending in the slightest degree to prove that such right of action has been relinquished or forfeited, and consequently the plaintiff was entitled, on the undisputed evidence, to a finding and judgment in his favor. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.