SWAN ANDERSON, APPELLEE, V. PETER CARLSON, APPELLANT.

FILED FEBRUARY 26, 1910.    No. 15,881.

1. Forcible Entry and Detainer: APPEAL: PLEADING. "In actions for
the forcible entry and detention or forcible detention of real prop-
erty, on appeal to the district court it is not necessary that new
pleadings be filed." *McCue v. Lee,* 16 Neb. 575.

2. ———: PARTIES. An action for forcible entry and detainer may be
maintained by one who has been deprived of the possession of
real property by an unlawful and forcible entry thereon, made by
a person having the present right of possession.

3. Instructions not applicable to the testimony in, or the law of, a
case should not be given. Instructions requested by a litigant and
applicable to a case may be lawfuly refused, if the trial judge
embodies the principles therein stated in instructions given
the jury on his own motion.

APPEAL from the district court for Cedar county: GUY
T. GRAVES, JUDGE. *Affirmed.*

*Wilbur F. Bryant, Peter H. Peterson* and *M. F. Har-
rington,* for appellant.

*R. J. Millard, contra.*

ROOT, J.

This is an action for a forcible entry upon and the un-
lawful detention of a tract of land. Plaintiff prevailed,
and defendant appeals. On a former hearing we dismissed
the appeal because the transcript did not show that a final
judgment had been entered in the district court. The
missing journal entry has been supplied, and the case now
comes on for a hearing on the merits.

It appears that plaintiff leased the land in controversy from the owner for one year, commencing March 1, 1906. Defendant rented the land from said owner for five years, commencing March 1, 1907. Plaintiff refused to yield possession, and defendant, in company with several assistants, over plaintiff's objections, took forcible possession of the premises March 1, 1907, and thereafter, by threats and the display of a shotgun, excluded plaintiff therefrom.

1. Defendant argues that the parties are cotenants, but the facts do not sustain the contention. In January, 1907, defendant stored a quantity of grain in a granary on the farm, but this fact was submitted to the jury in an appropriate instruction, and the verdict amounts to a finding that the grain was thus stored without plaintiff's consent.

2. Defendant complains because the district court overruled a motion to compel the parties to file pleadings. The cause was first tried in the county court, and subsequently appealed to the district court. The remedy is given by statute, and plaintiff may file his written complaint with a justice of the peace or a county judge exercising the jurisdiction of a justice of the peace. Code, sec. 1023. The defendant is not compelled to file a written plea; but, if he desires to contest the action, his oral plea of not guilty is entered and the issues are thereby made up. The defeated litigant may appeal to the district court, but the statute makes no mention of pleadings in the appellate court. In *McCue v. Lee,* 16 Neb. 575, it was held that new pleadings need not be filed in the district court. The statute construed in that case was later held to be void for constitutional reasons relating to the title of the bill containing the act, but the reasoning is sound, and applies to the present statute.

3. The court did not err in refusing to give defendant's instruction numbered 1. The court was justified in taking the position that plaintiff did not sell defendant any permanent improvements. The court did not err in refusing to instruct the jury that a tenant unlawfully holding over

and a person forcibly entering the leased premises are equally criminal, and that the law will refuse to aid either party. To so construe the law would amount to a repeal of the statute. *Tarpenning v. King,* 60 Neb. 213. Instructions 3 and 4 requested by defendant are foreign to the issues in the instant case, and were properly refused.

Complaint is made because instruction numbered 5 was not marked "given" or "refused," and was not delivered to the jury. Assuming that this instruction was not given, the fact does not constitute reversible error. The instruction, in substance, states that instructions prepared by counsel and given by the court are entitled to as much weight as instructions prepared and given by the court. But one instruction requested by defendant was given the jury, and the principle therein announced is stated in instructions numbered 4 and 5 given by the court on its own motion, so that defendant could not have been prejudiced because the jury were not permitted to read defendant's instruction numbered 5.

4. It is insisted that the verdict is contrary to instruction numbered 6 given by the court at defendant's request, and that the verdict is not supported by the evidence. The instruction, in effect, informed the jury that, if defendant with plaintiff's permission entered upon and occupied part of the demised premises, they should find for defendant. The testimony is conflicting as to whether or not the grain stored in the granary by defendant was placed there with plaintiff's consent. Anderson insists he never gave his consent thereto, but intimated to defendant that, if the grain was thus stored, plaintiff would use it. Plaintiff stands in an unfavorable light. His lease expired February 28,. 1907, yet he refused to yield possession of the premises to his successor, the defendant, unless paid $100, but these facts did not justify Carlson in forcibly dispossessing Anderson. The law is well settled that the rightful owner of real estate entitled to the possession thereof cannot take the law into his own hands and recover that possession by violence from one in actual and peace-

able possession of the premises. *Myers v. Koenig*, 5 Neb. 419; *Tarpenning v. King*, 60 Neb. 213. See, also, *Reeder v. Purdy*, 41 Ill. 279. We think the court would not have erred had it permitted defendant to further cross-examine plaintiff, but it is just as evident that no reversible error was committed in sustaining the objections referred to in defendant's brief. The trial court is vested with considerable discretion in such matters of practice; and, unless that discretion is abused, its rulings will not work a reversal of a case.

Upon a consideration of the entire record, we are satisfied that the judgment of the district court is right, and it is

AFFIRMED.