CUMMINS MANAGEMENT, L.P., A TEXAS LIMITED PARTNERSHIP, APPELLEE, v. JOHN M. GILROY AND CYNTHIA H. GILROY, APPELLANTS.

667 N.W.2d 538

Filed August 15, 2003. No. S-02-785.

636

John A. Sellers for appellants.

Duane M. Katz for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The dispositive issue in this case is whether a district court has subject matter jurisdiction over a forcible entry and detainer action when, to resolve the action, the court must determine a title dispute. Because we conclude that the district court lacked subject matter jurisdiction, we dismiss this appeal.

## BACKGROUND

To secure a note, appellants, John M. Gilroy and Cynthia H. Gilroy, executed and delivered to Robert L. Cummins a trust deed encumbering property owned by the Gilroys. After the Gilroys failed to make payments on the note, the trustee conducted a trustee's sale, where Frank L. Huber submitted the high bid.

The trustee delivered a deed to Huber, but the Gilroys refused to surrender the property. Instead, the Gilroys filed an action seeking to set aside the trustee's sale and quiet title. Shortly thereafter, Huber filed a petition for forcible entry and detainer against the Gilroys. The Gilroys then filed a demurrer to Huber's petition. In it, they claimed that the court lacked subject matter jurisdiction because there was a dispute over who had title to the property. The court treated the demurrer as a plea in abatement and suspended the action until the determination of the Gilroys' quiet title action.

The court entered an order in the quiet title action refusing to set aside the sale. Cynthia Gilroy appealed that decision, and we affirmed the court's order in *Gilroy v. Ryberg, ante* p. 617, 667 N.W.2d 544 (2003). After it had decided the quiet title action, the court reopened the forcible entry and detainer action and found for Huber's successor-in-interest, Cummins Management, L.P., which is the appellee here.

## ASSIGNMENTS OF ERROR

The Gilroys assign that the trial court erred in failing to dismiss the action because (1) it lacked subject matter jurisdiction and (2) Cummins Management lacked legal standing to maintain the action.

## STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Kansas Bankers Surety Co. v. Halford*, 263 Neb. 971, 644 N.W.2d 865 (2002).

## ANALYSIS

■ Cummins Management argues that because the Gilroys failed to argue on appeal that the court lacked subject matter jurisdiction, they waived their first assignment of error. Usually an appellate court will ignore an error unless it is both argued and assigned in the appellant's brief. See *In re Application of Lincoln Electric System*, 265 Neb. 70, 655 N.W.2d 363 (2003). The rule, however, does not apply here because the assignment of error raises the question whether the district court had subject matter jurisdiction. When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb. 403, 648 N.W.2d 756 (2002). Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000). Thus, we consider whether the district court lacked subject matter jurisdiction, even though the Gilroys failed to argue the issue in their brief.

For well over a century, we have held that a court cannot determine a question of title in a forcible entry and detainer action; if the resolution of the case would require the court to determine a title dispute, it must dismiss the case for lack of jurisdiction. See, e.g., *Hogan v. Pelton*, 210 Neb. 530, 315 N.W.2d 644 (1982); *Jones v. Schmidt*, 163 Neb. 508, 80 N.W.2d 289 (1957); *Miller v. Maust*, 128 Neb. 453, 259 N.W. 181 (1935); *Lipp v. Hunt*, 25 Neb. 91, 41 N.W. 143 (1888); *Pettit v. Black*, 13 Neb. 142, 12 N.W. 841 (1882). Cummins Management, however, claims that this rule is no longer in effect. It argues that the rule existed because only courts that lacked the authority to try title—i.e.,

county courts, municipal courts, and justices of the peace—had original jurisdiction over forcible entry and detainer actions. In 1984, the Legislature extended original jurisdiction over forcible entry and detainer actions to district courts. See Neb. Rev. Stat. § 25-21,219 (Reissue 1995). Cummins Management contends that because a district court has the authority to resolve title disputes, it retains jurisdiction over a forcible entry and detainer action even if it must resolve a title question. This argument, however, misconstrues the effect of the changes to § 25-21,219 and the limited scope of forcible entry and detainer.

█ Cummins Management incorrectly suggests above that there is only one reason for the rule ousting a court of jurisdiction in a forcible entry and detainer action when it determines a title controversy. There was also a second reason—the limited scope of the action. Forcible entry and detainer is a special statutory proceeding designed to provide a speedy and summary method " 'by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof, or one who, having lawfully entered, then unlawfully and forcibly detained possession.' " *Sporer v. Herlik,* 158 Neb. 644, 649, 64 N.W.2d 342, 346 (1954) (quoting *Blachford v. Frenzer,* 44 Neb. 829, 62 N.W. 1101 (1895)). Because of its summary nature, the Legislature has narrowed the issues that can be tried in a forcible entry and detainer action to the right of possession and statutorily designated incidents thereto. See § 25-21,219. The action does not try the question of title, but only the immediate right of possession. *Hogan v. Pelton, supra.* See, also, *Tarpenning v. King,* 60 Neb. 213, 82 N.W. 621 (1900). Thus, when a party attempts to interject a title dispute into a forcible entry and detainer action, thereby transforming the proceedings into an equitable action to determine title, the court is divested of jurisdiction. See, *Pettit v. Black, supra; Pence v. Uhl,* 11 Neb. 320, 322, 9 N.W. 40, 41 (1881) (forcible entry and detainer action "had nothing to do with titles [a]nd where titles are relied upon to establish the right to possess real estate, resort must be had not only to another tribunal *but also to a different form of action*" (emphasis supplied)).

█ Because district courts can now hear a forcible entry and detainer action does not, as Cummins Management argues,

enlarge the scope of the action when it is brought in such a court. The action is a creature of the Legislature, and did not exist at common law. See *Armstrong v. Mayer*, 60 Neb. 423, 83 N.W. 401 (1900). As a result, a district court's jurisdiction over forcible entry and detainer actions does not arise out of its general jurisdiction. See *id*. Rather, the district court's jurisdiction arises out of legislative grant, and it is inherently limited by that grant. See Neb. Const. art. V., § 9. Thus, because of the limited scope of forcible entry and detainer, when a district court hears such an action, it "sits as a special statutory tribunal to summarily decide the issues authorized by the statute, and not as a court of general jurisdiction with the power to hear and determine other issues." 35A Am. Jur. 2d *Forcible Entry and Detainer* § 36 at 1060-61 (2001). See, also, *Lees v. Wardell*, 16 Wash. App. 233, 554 P.2d 1076 (1976); *Schroeder v. Woody*, 166 Or. 93, 109 P.2d 597 (1941). Thus, if the resolution of the forcible entry and detainer action requires a district court to determine a title dispute, it must dismiss the case for lack of jurisdiction.

Because a district court lacks jurisdiction when a forcible entry and detainer involves a title dispute, we must determine if the rule applies here. The mere filing of an answer asserting a title claim by the defendant in a forcible entry and detainer action is not enough to deprive a court of jurisdiction. See, *Jones v. Schmidt*, 163 Neb. 508, 80 N.W.2d 289 (1957); *Stone v. Blanchard*, 87 Neb. 1, 126 N.W. 766 (1910). If, however, on trial, it should appear that the action is not for the recovery of the possession of the premises but to determine a question of title, the court will have no authority to proceed. *Jones v. Schmidt, supra*; *Pettit v. Black*, 13 Neb. 142, 12 N.W. 841 (1882). Similarly, when a forcible entry and detainer action is ongoing, the mere averment that title is in dispute in another action involving the same property does not automatically divest the court hearing the forcible entry and detainer action of jurisdiction. See *Green v. Morse*, 57 Neb. 391, 77 N.W. 925 (1899). Instead, the court may proceed until the evidence discloses that the question involved is one of title. See *id*.

Here, the court did not dismiss the action when the Gilroys alleged in their demurrer that the parties were disputing title in a separate case. Instead, it treated the demurrer as a plea

in abatement. A plea in abatement does not go to the merits of the action, but, by presentation of facts extrinsic to the merits of the action, demonstrates irregularities or circumstances which preclude further prosecution of the action or require suspension of the proceedings. *Kinsey v. Colfer, Lyons*, 258 Neb. 832, 606 N.W.2d 78 (2000). The record fails to show what evidence the Gilroys offered in support of their plea in abatement, but the court granted it. From this, we conclude that the court determined that title to the property was in dispute, which is consistent with the later proceedings in the quiet title action. See *Gilroy v. Ryberg, ante* p. 617, 667 N.W.2d 544 (2003).

However, instead of dismissing the case, the court suspended the proceedings. Generally, a court has discretion whether to dismiss a case after it grants a plea in abatement, thereby precluding further prosecution of the action, or to not dismiss the action and suspend the proceedings pending the outcome of the other case. *Kinsey v. Colfer, Lyons, supra.* When, however, the basis for the plea in abatement is the court's lack of subject matter jurisdiction, the court is obligated to dismiss without prejudice, rather than to suspend the action. Thus, the district court should have dismissed the action for lack of subject matter jurisdiction.

## CONCLUSION

We conclude that the district court erred in failing to dismiss the action for lack of subject matter jurisdiction. Any order following the time when the court determined that title was in dispute was a nullity. Because the district court lacked subject matter jurisdiction, so do we.

ORDER VACATED, AND APPEAL DISMISSED.