Although Narvaez did not know the first name of the person he identified as "Voss," another witness, Perna, testified that he had visited "Matthew Voss" in the prison in Florida, and Perna identified the murder victim in this case as the "Voss" he visited in Florida. Perna also testified that Levering was discussed during his conversation with "Voss" in Florida.

Narvaez' testimony was relevant to the State's case and was not unfairly prejudicial. The strength of the evidence was for the jury to assess. See *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014) (appellate court does not pass on credibility of witnesses or reweigh evidence because such are matters for finder of fact). The court did not abuse its discretion when it overruled Henderson's motion for a mistrial and his motion to strike Narvaez' testimony. We reject this assignment of error.

## VI. CONCLUSION

Henderson makes numerous assignments of error pertaining to pretrial and trial rulings, including the claim that the district court erred when it did not suppress evidence obtained from the search of his cell phone and admitted such evidence at trial. For the reasons explained above, we find no error and we affirm his convictions and sentences.

AFFIRMED.

---

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
APPELLEE, v. BRIAN S. MARCUZZO AND
DONNA M. MARCUZZO, APPELLANTS.
___ N.W.2d ___

Filed October 17, 2014.    No. S-13-929.

1. **Courts: Time: Appeal and Error.** Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error.

2. **Jurisdiction: Appeal and Error.** It is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

3. ____: ____. If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.

4. ____: ____. The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court.

5. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

6. **Forcible Entry and Detainer: Property: Words and Phrases.** The forcible entry and detainer action is a special statutory proceeding designed to provide a speedy and summary method by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof, or one who, having lawfully entered, then unlawfully and forcibly detained possession.

7. **Forcible Entry and Detainer: Legislature.** Because of its summary nature, the Legislature, under Neb. Rev. Stat. § 25-21,219 (Reissue 2008), has narrowed the issues that can be tried in a forcible entry and detainer action to the right of possession and statutorily designated incidents thereto.

8. **Forcible Entry and Detainer: Title.** A forcible entry and detainer action does not try the question of title, but only the immediate right of possession.

9. **Forcible Entry and Detainer: Title: Courts: Jurisdiction.** If the resolution of a forcible entry and detainer action requires a court to determine a title dispute, the court must dismiss the case for lack of jurisdiction.

10. ____: ____: ____: ____. When a forcible entry and detainer action is ongoing, the mere averment that title is in dispute in another action involving the same property does not automatically divest the court hearing the forcible entry and detainer action of jurisdiction. Instead, the court may proceed until the evidence discloses that the question involved is one of title.

11. **Trial: Evidence.** An extrajudicial admission is simply an item of evidence in the mass of evidence adduced during a trial, admissible in contradiction and impeachment of the present claim and other evidence of the party making the admission.

12. **Real Estate: Title: Evidence.** A court must find from the competent evidence whether title to real estate is drawn in question, and not from the pleadings or from the claims or pretensions of the parties.

13. **Forcible Entry and Detainer.** A forcible entry and detainer action is limited in scope. Its purpose is to determine the immediate right of possession.

14. ____. Forcible detainer actions prevent protracted litigation by limiting the scope of the proceeding so collateral issues not connected with the question of possession do not burden or delay the proceeding.

15. **Forcible Entry and Detainer: Time.** Generally, no continuance shall be granted in a forcible entry and detainer action for a period longer than 7 days.

16. ____: ____. A forcible entry and detainer action is intended to provide a speedy and more or less summary remedy.

17. ____: ____. In a forcible entry and detainer action, trial is to be held not more than 14 days after the date of issuance of the summons.

18. **Forcible Entry and Detainer: Ejectment: Time.** With its accelerated trial procedures, a forcible entry and detainer action is intended to avoid much of

the expense and delay incident to the more cumbersome action of ejectment formerly employed at common law.

19. **Forcible Entry and Detainer: Courts: Jurisdiction.** The court has authority to proceed with the hearing of a forcible entry and detainer action until it is clearly established that the question to be determined is one of title.

Appeal from the District Court for Sarpy County, WILLIAM B. ZASTERA, Judge, on appeal thereto from the County Court for Sarpy County, JEFFREY J. FUNKE, Judge. Judgment of District Court affirmed.

Douglas W. Ruge, P.C., L.L.O., for appellants.

Dustin J. Kessler, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., L.L.O., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CASSEL, J.

## INTRODUCTION

Our case law requires a court to dismiss a forcible entry and detainer action upon receiving evidence of the existence of a title dispute. We must decide whether the rule applies where, after the defendants had merely alleged the existence of a title dispute, the plaintiff obtained a continuance without confessing the nature of a pending district court action. Thus, by the time the county court was presented with evidence regarding a title dispute, the district court action had been decided. Because no *evidence* of the dispute was presented to the county court until after it had been resolved, we conclude the county court was not divested of jurisdiction.

## BACKGROUND

Brian S. Marcuzzo and Donna M. Marcuzzo purchased property in Sarpy County, Nebraska, financed in part by a promissory note secured by a deed of trust. They subsequently ceased making payments on the note and received a notice of default and notice of sale. The property was later conveyed to Federal National Mortgage Association (FNMA) by trustee's deed.

FNMA filed a forcible entry and detainer complaint against the Marcuzzos in the county court for Sarpy County. On April 11, 2012, the Marcuzzos entered an "Appearance for Jurisdictional Challenge Only." They alleged that they had filed an action in the district court for Sarpy County, case No. CI 12-116, which challenged title in FNMA. The Marcuzzos therefore claimed that the county court lacked jurisdiction pursuant to *Cummins Mgmt. v. Gilroy*.[1] No parties appeared for a hearing on April 17. Thus, no evidence was presented at that hearing.

On November 7, 2012, FNMA filed a motion to continue the county court case. FNMA requested to continue the matter "until such time as the Sarpy County District Court action, Case No. CI 12-116, has been decided. Such action in the District Court has prevented this County Court action from proceeding." The bill of exceptions does not contain a hearing on this motion. In an order prepared by FNMA's counsel, which repeated the above-quoted language of the motion, the court ordered that "this action [be] continued until such time as the District Court action has been decided."

On January 29, 2013, FNMA moved for an order setting a hearing date, stating that the district court action had been dismissed as to FNMA. The court set the hearing for February 12. At the hearing, the court took judicial notice of the forcible entry and detainer complaint which had attached to it the deed of trust and trustee's deed, the notice of service upon the Marcuzzos, and the 3-day notice to quit. The court also received four exhibits into evidence. Exhibit 1 was a certified copy of the trustee's deed in which Erika Knapstein conveyed the property to FNMA. Exhibit 2 was the amended complaint filed in district court by the Marcuzzos against several parties, including two banks, the original trustee, Knapstein, and FNMA (sued as "Fannie Mae"). The complaint contained several causes of action, including quiet title, declaratory judgment, and wrongful foreclosure. Exhibits 3 and 4 were orders in the district court case entered on January 24. Exhibit 3 granted summary judgment in favor of Knapstein on all causes

---

[1] *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

of action against her. Exhibit 4 granted summary judgment in favor of FNMA and one of the banks on all causes of action against them.

The county court entered an order overruling the Marcuzzos' oral motion to dismiss. The court stated that "no evidence has been offered herein that title to the subject property is in dispute; or that this matter has been transformed to an equitable action to determine title; or that this court needs to determine title to the property, a determination this court would lack jurisdiction to make." Following a later trial at which the Marcuzzos' counsel stated that he was "appearing just on jurisdictional challenge only" and would not be offering any evidence, the court found in favor of FNMA and ordered a writ of restitution to be issued.

The Marcuzzos appealed to the district court. The district court reviewed the matter for plain error, because the Marcuzzos failed to file a statement of errors. The district court concluded that because the Marcuzzos failed to meet their burden of establishing that a question of title existed, the county court had jurisdiction to proceed in the forcible entry and detainer action. The district court therefore affirmed the judgment of the county court.

The Marcuzzos timely appealed, and we moved the case to our docket under our statutory authority to regulate the caseloads of the appellate courts of this state.[2]

## ASSIGNMENTS OF ERROR

The Marcuzzos allege that the county court and the district court erred in ruling that the county court had the power (1) to continue the forcible entry and detainer action rather than dismissing it and (2) to enter the final order on restitution.

[1] The record does not show that the Marcuzzos filed the required statement of errors when they appealed the judgment of the county court to the district court.[3] Where no timely statement of errors is filed in an appeal from a county court to

---

[2] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[3] See Neb. Ct. R. § 6-1452(A)(7) (rev. 2011).

a district court, appellate review is limited to plain error.[4] Due to the Marcuzzos' failure to file the statement of errors, we, like the district court, review for plain error only.

[2,3] However, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[5] If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.[6] We therefore consider the Marcuzzos' assignments of error relating to jurisdiction in the course of our review for plain error.

## STANDARD OF REVIEW

[4] The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court.[7]

[5] Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[8]

## ANALYSIS

[6-8] The forcible entry and detainer action is a special statutory proceeding designed to provide a speedy and summary method by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof, or one who, having lawfully entered, then unlawfully and forcibly detained possession.[9] Because of its summary nature, the Legislature, under Neb. Rev. Stat. § 25-21,219 (Reissue 2008), has narrowed the issues that can be tried in a forcible entry and

---

[4] *State v. Zimmerman*, 19 Neb. App. 451, 810 N.W.2d 167 (2012). See, also, *Miller v. Brunswick*, 253 Neb. 141, 571 N.W.2d 245 (1997).

[5] See *Carney v. Miller*, 287 Neb. 400, 842 N.W.2d 782 (2014).

[6] See *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[7] *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012).

[8] *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012).

[9] *Cummins Mgmt.*, *supra* note 1.

detainer action to the right of possession and statutorily desig-nated incidents thereto.[10] A forcible entry and detainer action does not try the question of title, but only the immediate right of possession.[11]

[9,10] If the resolution of a forcible entry and detainer action requires a court to determine a title dispute, the court must dis-miss the case for lack of jurisdiction.[12] When a forcible entry and detainer action is ongoing, the mere averment that title is in dispute in another action involving the same property does not automatically divest the court hearing the forcible entry and detainer action of jurisdiction. Instead, the court may pro-ceed until the evidence discloses that the question involved is one of title.[13]

In order to divest the county court of jurisdiction, there needed to be evidence that a question of title was at issue. The Marcuzzos failed to present such evidence, either at the hearing on April 17, 2012, or in connection with the disposition of the November 7 motion to continue.

There was no evidence of a title dispute produced at the hearing on April 17, 2012. In the Marcuzzos' "Appearance for Jurisdictional Challenge Only," they alleged that their district court action challenged title in FNMA. But this was a "mere averment" and was insufficient to divest the county court of jurisdiction. The record shows that the county court attempted to hold a hearing shortly after the Marcuzzos filed their "appearance," at which hearing the Marcuzzos could have offered evidence of a title dispute, but no parties appeared. Consequently, no party produced evidence at that time.

Approximately 7 months later, FNMA filed a motion to continue the forcible entry and detainer action until the dis-trict court action had been decided. The motion stated that the district court case "prevented" the forcible entry and detainer

---

[10] *Id.*

[11] *Id.*

[12] See *id.*

[13] *Id.*

action from proceeding, but it did not contain an admission that a title dispute existed. The motion did not state the nature of the district court proceeding. The court sustained the motion. But there is no record of any hearing on this motion, and the motion itself does not confess the existence of a title dispute. Here, again, no evidence of a title dispute appears in the record.

[11,12] The strongest argument that evidence of a title dispute was presented to the county court surrounds the content of FNMA's motion, coupled with the Marcuzzos' allegation that the district court case concerned a title dispute. The motion identified the district court action by its case number, stated that the district court case "prevented" the forcible entry and detainer action from proceeding, and requested that the forcible entry and detainer action be continued until the district court action had been decided. Perhaps the content of FNMA's motion could be regarded as a piece of evidence to be considered by the court as an extrajudicial or "simple" admission. An extrajudicial admission is simply an item of evidence in the mass of evidence adduced during a trial, admissible in contradiction and impeachment of the present claim and other evidence of the party making the admission.[14] But we long ago said that a court must find from the competent evidence whether title to real estate is drawn in question, and not from the pleadings or from the claims or pretensions of the parties.[15] While from the Marcuzzos' perspective the content of FNMA's motion might be considered as evidence, they cannot treat the content of *their own* pleading as evidence. And FNMA's motion did not confess the existence of a title dispute. Thus, the record does not demonstrate that the county court was presented with *evidence* of a title dispute at the time of the continuance. Because there is no bill of exceptions from any hearing on the motion for continuance, the Marcuzzos have failed to present a record

[14] *Kipf v. Bitner*, 150 Neb. 155, 33 N.W.2d 518 (1948).

[15] *Stone v. Blanchard*, 87 Neb. 1, 126 N.W. 766 (1910). See, also, *Green v. Morse*, 57 Neb. 391, 77 N.W. 925 (1899).

demonstrating that evidence of a title dispute was presented at that time.[16]

The Marcuzzos, relying upon our opinion in *Cummins Mgmt.*,[17] argue that the county court lacked jurisdiction to grant the motion to continue. They contend that the demurrer in *Cummins Mgmt.* is comparable to FNMA's motion to continue. We disagree.

In *Cummins Mgmt.*, the appellants filed a demurrer to the petition for forcible entry and detainer, claiming that the court lacked subject matter jurisdiction because there was a dispute over who had title to the property. The district court treated the demurrer as a plea in abatement and suspended the action until a determination was made in the appellants' quiet title action. We stated that because the district court treated the demurrer as a plea in abatement and granted it, the court must have determined title to the property was in dispute. Thus, we concluded that the court should have dismissed the case for lack of subject matter jurisdiction rather than suspending the proceedings.

But there is a critical distinction between the circumstances of this case and those in *Cummins Mgmt.* In *Cummins Mgmt.*, the court held a hearing on the demurrer/plea in abatement, and although the record did not show what evidence was offered in support of the plea in abatement, the trial court determined that title was in dispute. In contrast, the record in the instant case does not show that the county court held a hearing on the motion to continue or that it received evidence at any time prior to sustaining the motion. And because there was no evidence demonstrating a title dispute, the county court had jurisdiction to sustain FNMA's motion to continue. The Marcuzzos' first assignment of error lacks merit.

The history and summary character of a forcible entry and detainer action reinforces our conclusion. Over a century ago,

---

[16] See *Intercall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012) (it is incumbent upon appellant to present record supporting errors assigned; absent such record, appellate court will affirm lower court's decision regarding those errors).

[17] *Cummins Mgmt.*, *supra* note 1.

we stated that if on trial, a forcible entry and detainer action turns into an action to determine title, the court has no authority to proceed and the case must be dismissed.[18] In *Cummins Mgmt.*,[19] we recognized two reasons for the rule.

First, the courts initially having original jurisdiction over forcible entry and detainer actions lacked the authority to try title.[20] At first, only justices of the peace were expressly given jurisdiction over the subject matter.[21] But probate judges were given authority to exercise the jurisdiction of a justice of the peace.[22] And long ago, we determined that county courts, as the successors of probate courts, had jurisdiction of actions for forcible entry and detainer.[23] Later, municipal courts were created and allowed to exercise the jurisdiction of a justice of the peace.[24] It was not until 1984 that a district court—which had the authority to resolve title disputes—was given original jurisdiction over forcible entry and detainer actions.[25]

[13,14] Second, a forcible entry and detainer action is limited in scope. Its purpose is to determine the immediate right of possession.[26] "Forcible detainer actions prevent protracted litigation by limiting the scope of the proceeding so collateral issues not connected with the question of possession do not burden or delay the proceeding."[27]

[15-18] Although we conclude that the county court had the power to continue the matter because there was no evidence of

---

[18] See *Pettit v. Black*, 13 Neb. 142, 12 N.W. 841 (1882). See, also, *Jones v. Schmidt*, 163 Neb. 508, 80 N.W.2d 289 (1957); *Lipp v. Hunt*, 25 Neb. 91, 41 N.W. 143 (1888).

[19] *Cummins Mgmt., supra* note 1.

[20] See *id.*

[21] See Gen. Stat. ch. 57, §§ 905 and 1019 (1873).

[22] See *id.*, ch. 14, § 60.

[23] See *Blaco v. Haller*, 9 Neb. 149, 1 N.W. 978 (1879).

[24] See Comp. Stat. §§ 1201 and 1202 (1922).

[25] See, 1984 Neb. Laws, L.B. 1113; § 25-21,219; *Cummins Mgmt., supra* note 1.

[26] See *Cummins Mgmt., supra* note 1.

[27] 35A Am. Jur. 2d *Forcible Entry and Detainer* § 6 at 890 (2010).

a title dispute, we do not condone its granting of an indefinite continuance. Generally, no continuance shall be granted in a forcible entry and detainer action for a period longer than 7 days.[28] A forcible entry and detainer action is "'intended to provide a speedy and more or less summary remedy.'"[29] Trial is to be held not more than 14 days after the date of issuance of the summons.[30] With its accelerated trial procedures, a forcible entry and detainer action "is intended to avoid much of the expense and delay incident to the more cumbersome action of ejectment formerly employed at common law."[31] Granting an extended continuance and allowing the matter to pend defeats the speedy nature of the remedy.

The Marcuzzos' argument that the county court lacked jurisdiction to enter the final order also fails. At the February 12, 2013, hearing, the Marcuzzos finally introduced evidence that there was an action in district court concerning title to the property. But by that time, the district court action had been dismissed as to FNMA. Thus, although there had been a dispute as to title to the property, the evidence did not show that the dispute was ongoing. Counsel for the Marcuzzos admitted as much when he stated that "the district court has determined the rights of the parties, so any issues that we had with them have already been decided." Then, at trial, the Marcuzzos offered no evidence, appearing "just on jurisdictional challenge only."

[19] The county court had the authority to proceed because at the only time evidence was presented to the county court regarding a title dispute, the dispute had already been concluded. Thus, at that time, it did not appear that the action was one to determine a question of title. To the contrary, at the critical time, the undisputed evidence showed that the portion of the district court proceeding disputing title had been completed. Long ago, we stated that the court has authority

---

[28] See Neb. Rev. Stat. § 25-21,225 (Reissue 2008).

[29] *Sporer v. Herlik*, 158 Neb. 644, 649, 64 N.W.2d 342, 346 (1954).

[30] Neb. Rev. Stat. § 25-21,223 (Reissue 2008).

[31] 35A Am. Jur. 2d, *supra* note 27.

to proceed with the hearing of a forcible entry and detainer action until it is clearly established that the question to be determined is one of title.[32] Because upon trial, the evidence did not show that the action concerned a present question of title, the county court had jurisdiction to issue the writ of restitution. The Marcuzzos' second assignment of error also lacks merit. We find no plain error appearing on the record.

## CONCLUSION

Because the Marcuzzos failed to offer evidence of a question of title until after that question had been resolved, the county court properly exercised jurisdiction. We find no plain error appearing on the record. We therefore affirm the judgment of the district court, which affirmed the county court's judgment.

Affirmed.

---

[32] See *Pettit, supra* note 18.