IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

FARMER V. ZAPATA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RON FARMER, DOING BUSINESS AS R & L IRRIGATION, APPELLEE,

V.

JOHN ZAPATA, APPELLANT.

Filed January 19, 2016.    No. A-15-221.

Appeal from the District Court for Sheridan County: TRAVIS P. O'GORMAN, Judge, on appeal from the County Court for Sheridan County, RUSSELL W. HARFORD, Judge. Judgment of District Court affirmed in part and in part reversed, and cause remanded with directions.

John Zapata, pro se.

Dennis D. King, of Smith, King & Simmons, P.C., for appellee.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

INBODY, Judge.

## INTRODUCTION

John Zapata appeals the decision of the Sheridan County District Court affirming the decision of the Sheridan County Court awarding a judgment in favor of Ron Farmer doing business as R & L Irrigation and reversing the court's denial of Farmer's request for attorney fees pursuant to Neb. Rev. Stat. § 25-824(2) (Reissue 2008).

## STATEMENT OF FACTS

In May 2013, Farmer filed a complaint against Zapata alleging that in May 2011, Zapata entered into an oral agreement for Farmer to perform repairs and replacement services to a pivot irrigation system located on real property owned by Zapata in Sheridan County, Nebraska. These repairs and replacement parts to the irrigation system were completed in August 2012; Zapata had

- 1 -

been invoiced for the charges of $10,594.23 along with notice of 1.5% interest per month on the unpaid balances but failed to make any payments on the account and has ignored requests for payment. Farmer requested prejudgment interest at the rate of 1.5% per month from August 29, 2012 until paid, a reasonable attorney fee, and that costs of the action be taxed against Zapata.

Trial was held on September 16, 2014. At the beginning of trial, Zapata stipulated that $10,504.34 was owed to Farmer for the repairs of the pivot. Farmer testified that he talked on the telephone with Zapata six or seven times and personally met with Zapata in October 2011, at the location of the pivot irrigation system, to discuss the pivot. Zapata gave Farmer directions to repair the pivot and at no time stated that he was not the owner of the pivot or that someone else owned the pivot. He sent bills to Zapata and Zapata never indicated that he was not responsible for the bill; during one conversation, Zapata stated he had not had a chance to review the bill yet.

Zapata was called as a witness in Farmer's case-in-chief. Zapata testified that he did not own any real estate in Sheridan County and that Farmer had brought suit against the wrong party. He also testified that he did not talk to Farmer and never personally met him until the day of trial. Zapata claimed that on the date that Farmer testified he personally met with Zapata at that location of the pivot, Zapata was on a trip around the world making it impossible for Zapata to have been at this meeting.

At the close of Farmer's case in chief, Zapata moved for a directed verdict, which was overruled by the court. Zapata then presented additional evidence in his defense. The court found that Farmer had proven, by a preponderance of the evidence, that he was entitled to a judgment in the stipulated sum of $10,394.23 and awarded prejudgment interest at the statutory rate according to Neb. Rev. Stat. § 45-101.04(7) (Reissue 2010). The court also ordered that costs be assessed against Zapata and that postjudgment interest was to accrue at the statutory rate. However, the court did not award any attorney fees; the court found that Zapata's position in defending the case was not wholly without merit.

Zapata appealed the county court's decision to the district court. In an order dated February 13, 2015, the district court noted that Zapata did not assign any errors; the case "largely hinged on the credibility and believability of the parties" and the county court believed Farmer; it was not the province of an appellate court to resolve conflicts in the evidence, pass on the credibility of witnesses or reweigh the evidence; and there was no plain error in the county court's decision entering judgment in favor of Farmer. Farmer had cross-appealed contending that the county court erred in denying his request for attorney fees; the district court found that Zapata acted in bad faith by attempting to defend the action "with the ridiculous notion that he was on a 'trip around the world'" which the county court obviously did not believe. The district court noted that there was evidence of court filings made by Zapata while he was supposedly out of the country; Zapata did not deny that he claimed an interest in the pivot system either individually or through his limited liability company and his assignment of rights, "[y]et he continued to hold to the position that he could not have met with [Farmer] because of his trip around the world." The district court found that the county court erred in failing to award attorney fees, reversed the county court's determination on that issue, and remanded to the county court for further proceedings. Zapata has timely appealed to this court.

ASSIGNMENTS OF ERROR

Zapata's assignments of error on appeal, consolidated and restated, are that the district court erred (1) in considering only plain error in its review and failing to address the errors contained in his statements of error because it was not timely filed; and (2) in reversing the county court's denial of Farmer's request for attorney fees and remanding for a determination thereof.

ANALYSIS

*District Court's Review.*

Zapata contends that the district court erred in considering only plain error in its review and failing to address the errors contained in his statement of errors because it was not timely filed. We note that, although Zapata contends that he filed a statement of errors with the district court, there is no statement of errors contained in the transcript before this court. It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Logan v. Logan*, 22 Neb. App. 667, 678, 859 N.W.2d 886, 896 (2015); *In re Interest of Hope L. et al.,* 278 Neb. 869, 775 N.W.2d 384 (2009). Since there is no statement of errors in the record before this court and the district court stated in its order that Zapata did not assign any errors, we review the district court's determination for plain error. Generally, where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error. *Federal National Mortgage Association v. Marcuzzo*, 289 Neb. 301, 854 N.W.2d 774 (2014); *State v. Zimmerman,* 19 Neb. App. 451, 810 N.W.2d 167 (2012). We have reviewed this case for plain error and found none.

*Attorney Fees.*

Zapata contends that the district court erred in reversing the county court's denial of Farmer's request for attorney fees and remanding for a determination thereof.

Farmer sought, and the district court found, that the county court erred in failing to award attorney fees pursuant to § 25-824(2). This section provides

> Except as provided in subsections (5) and (6) of this section, in any civil action commenced or appealed in any court of record in this state, the court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

The district court found that Zapata acted in bad faith by attempting to defend the action "with the ridiculous notion that he was on a 'trip around the world.'"

However, pursuant to § 25-824(6), parties appearing pro so shall not be assessed attorney fees "unless the court finds that the party clearly knew or reasonably should have known that his or her action or defense or any part of such action or defense was frivolous or made in bad faith." Although the district court characterized Zapata's "round the world" defense as "ridiculous", since the district court did not make any specific findings regarding whether Zapata clearly knew or

reasonably should have known that his defense or any part of such defense was frivolous or made in bad faith, we reverse the award of attorney fees and remand back to the district court with directions for the court to reconsider the issue using the requirements of both § 25-824(2) and (6).

CONCLUSION

In sum, we affirm the portion of the district court's order affirming the county court's entry of judgment in favor of Farmer. However, because the district court needs to make additional findings regarding attorney fees, we reverse the portion of the order regarding attorney fees and remand with directions for the court to reconsider this issue using the requirements of both § 25-824(2) and (6).

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.