IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


KJH ENTERPRISES V. SCHROEDER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


KJH ENTERPRISES, L.L.C., APPELLEE AND CROSS-APPELLANT,

V.

CARLA M. SCHROEDER, ET AL., REAL NAME UNKNOWN,
APPELLANTS AND CROSS-APPELLEES.


Filed April 18, 2023.    No. A-22-449.


Appeal from the District Court for Lancaster County, LORI A. MARET, Judge, on appeal thereto from the County Court for Lancaster County, RODNEY D. REUTER, Judge. Judgment of District Court affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellants.

Joel G. Lonowski and Gina M. Elliott, of Morrow, Poppe, Watermeier & Lonowski, P.C., L.L.O., for appellee.


RIEDMANN, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

A writ of restitution was entered in 2019 ordering Carla M. Schroeder to vacate an acreage and residence located near Firth, Nebraska, purchased by KJH Enterprises, L.L.C. (KJH), at a trustee sale following foreclosure. On appeal, Schroeder asserts that the district court erred in affirming the county court's finding that there was no title dispute divesting that court of subject matter jurisdiction. On cross-appeal, KJH asserts the district court erred in affirming the county court's finding that denied its request for attorney fees. Upon our review, we affirm the order of the district court.

- 1 -

BACKGROUND

KJH purchased a property located near Firth, Nebraska, and received ownership through a properly executed trustee's deed on July 1, 2019. The Firth property was once owned by Schroeder but had been foreclosed due to Schroeder's failure to make any mortgage payments since 2010. At the time of KJH's purchase, Schroeder was still residing on the property. On July 18, KJH brought a forcible entry and detainer action pursuant to Neb. Rev. Stat. § 25-21,219 et. seq. (Reissue 2016) by filing a complaint for restitution of premises in the county court for Lancaster County against Schroeder and any unknown persons occupying the premises.

On July 31, 2019, Schroeder filed a motion to dismiss the restitution action for lack of subject matter jurisdiction. Schroeder alleged the county court lacked subject matter jurisdiction because a title dispute existed relative to the Firth property. At the hearing on the motion, evidence was adduced of three other lawsuits filed by Schroeder as it relates to the Firth property. The first case, entitled *Schroeder v. Bank of America et al.*, was filed in the Lancaster County District Court in 2014. This complaint asserted six separate causes of action including a quiet title claim, request for injunctive relief preventing the sale of the property, and a claim for wrongful foreclosure of the property. The district court ultimately granted the defendant's motions for summary judgment and granted judgment in their favor as a matter of law. We affirmed the district court's finding in a memorandum order entered on October 12, 2018.

Schroeder filed a second case against the trustee who was seeking to sell the Firth property in the Lancaster County District Court on May 13, 2019. Schroeder sought injunctive relief to stop the sale of her home which was scheduled that day. The Lancaster County District Court characterized Schroeder's petition as an attempt to collaterally attack a valid judgment and summarily dismissed Schroeder's petition on the same day as Schroeder's complaint was filed. Both of the cases filed in the Lancaster County District Court were concluded well before KJH initiated the restitution action.

However, in support of the contention that a title dispute existed regarding the Firth property, Schroeder most heavily relied on a case she filed on July 1, 2019, against the trustee in the U.S. District Court for the District of Nebraska. The federal case was pending at the time the restitution action was filed. In that case, Schroeder challenged the trustee and mortgage holder's ability to foreclose on her house under the Fair Debt Collection Act. Schroeder alleged four causes of action: (1) that defendants attempted to collect a debt from parties with whom they did not have a contract for professional services, (2) that defendants attempted to collect a debt "for a non-existent judgment creditor, an illusory trust," (3) that defendants engaged in a collection activity without prior offers or mediation, and (4) that defendants violated the Fair Debt Collection Act by filing a frivolous foreclosure suit. Schroeder referred to her suits in the Lancaster County District Court in this action as support for her contentions as well. KJH was not named as a party to the federal court action.

The county court denied Schroeder's motion to dismiss. The county court specifically found that Schroeder "had a full and fair opportunity to litigate the alleged title dispute on which she relie[d] and lost" citing to the two cases filed in the Lancaster County District Court. Further, the court found that Schroeder's federal court case failed to raise a title dispute. Because the federal

case was based on the Fair Debt Collection Act and did not specifically challenge KJH's title, the county court found that it maintained subject matter jurisdiction.

KJH subsequently filed an amended complaint adding two additional claims including request for rent for the period Schroeder remained in the residence following the trustee sale and for damages caused to the premises by Schroeder. On September 3, 2019, Schroeder filed an answer to the complaint for restitution again alleging that the court lacked subject matter jurisdiction due to a title dispute. Additionally, Schroeder filed a third party complaint alleging that the mortgage lenders did not go through the proper procedures in foreclosing the Firth property. In response, KJH filed a motion to strike that part of Schroeder's answer alleging a title dispute and to strike the third party complaint in its entirety. The county court granted both of the motions by KJH, and a bifurcated trial was held on the complaint for restitution.

The first portion of the trial, held September 17, 2019, focused solely on KJH's restitution claim. At trial, a representative of KJH testified that they purchased the Firth property in a foreclosure auction on July 1, 2019. Schroeder was also present at this auction. The representative testified that she received a deed from the trustee who conducted the sale and promptly recorded the deed at the Lancaster County Register of Deeds. After recording the deed, the representative explained that they could not take possession because Schroeder remained in possession of the property. As a result, KJH provided Schroeder with a three-day notice to vacate on July 11. Finally, the representative testified that Schroeder still had possession of the property as of the date of trial. Schroeder attempted to testify regarding the purchase, financing, and subsequent foreclosure proceedings. After several relevance objections were sustained by the court, her trial counsel made an offer of proof as to what her testimony would be. Counsel explained that she was contesting the forcible entry and detainer action because she did not receive the proper communications regarding the foreclosure prior to the trustee's sale. The county court again rejected Schroeder's claim that it lacked jurisdiction due to a pending title dispute. On September 18, the county court entered a writ of restitution against Schroeder. The court continued the case for later trial on KJH's remaining causes for rent and damages. Later that same day, Schroeder filed her notice of appeal to the district court. On September 19, the county court set a supersedeas bond in the amount of $50,000 for Schroeder to post to avoid being removed from the property. Schroeder did not deposit the bond and was removed.

Schroeder filed a motion to quash the writ of restitution shortly after filing her appeal in the district court. The district court found that the motion to quash was not a proper pleading in an appeal from the county court. Counsel for KJH moved for attorney fees due to the frivolous nature of Schroeder's motion to quash. The district court ordered Schroeder to pay an attorney fee of $500. Ultimately, the district court affirmed the county court's order on April 8, 2020. Schroeder then appealed the district court's decision to this court. We summarily dismissed the appeal for lack of jurisdiction. In a docket entry dated January 19, 2021, we noted that neither the district court nor this court had jurisdiction to consider Schroeder's appeal since the county court's order was not final and appealable, having not resolved all claims contained in the amended complaint. We remanded the case to the district court with instructions to dismiss the appeal thereto and remand the case to the county court to complete the remainder of the trial. The Nebraska Supreme Court denied Schroeder's petition for further review and the mandate of this court was entered on April 13, 2021.

Trial on KJH's claims for rent, damages, and its motion for attorney fees was held on June 1 and 15, 2021. KJH sought $2,500 per month in back rent, $1,225 in damages, which was the amount spent removing Schroeder's personal property from the premises, and $11,188 in attorney fees. In support of the motion for attorney fees, KJH called Schroeder as a witness. Schroeder was argumentative and uncooperative. Counsel for KJH recounted the many lawsuits filed by Schroeder since 2014 including the 2014 case, the 2019 case filed in the Lancaster County District Court, and the 2019 federal court case. In addition, counsel for KJH presented evidence of another action filed in 2019 in the Lancaster County District Court by Schroeder related to the foreclosure of the Firth property. This action was voluntarily dismissed by Schroeder.

A representative of KJH also testified. The representative explained that they paid counsel $240 per hour for his work on this case until April 2021 when rates were raised to $290 per hour. In total, the representative testified that KJH had incurred $11,188 in legal expenses in relation to this case, excluding the prior appeal. The representative also detailed that the case had been prolonged by Schroeder's initial demand for a jury trial. However, just days before the jury trial was set to begin, Schroeder withdrew her demand, and a bench trial was held instead. The representative testified to the preparation counsel completed based on his belief that a jury trial was to take place, including preparing opening statements, jury instructions, and witnesses for trial.

In support of the request for damages, evidence was adduced that Schroeder vacated the property on October 25, 2019. The representative then testified regarding the condition of the property in October 2019 when they gained possession. She described the property as "unlivable" with animal feces everywhere. Several items of Schroeder's personal property were left behind. The representative detailed several attempts to coordinate with Schroeder so as to allow her to retrieve her belongings. She testified that she hired a mediator to be present on the first weekend Schroeder came to the Firth property. Ultimately, law enforcement was called to remove Schroeder from the property and KJH hired movers to box up the rest of her belongings and move it to a garage for later pick up. KJH paid the mediator $525 for his work and paid seven movers $10 per hour for ten hours of work. Schroeder filed a replevin action asking the court to enter an order for KJH to return her property but later dismissed the action. In response, KJH requested an order directing Schroeder to pick up her property on January 11 and 12, 2020, which the court granted. Finally, in support of KJH's request for rent owed for four months, the representative testified that the estimated fair market value of rent for the Firth property was $2,500 per month.

In an order entered September 15, 2021, the county court found that no authority existed within the forcible entry and detainer statutes (§§ 25-21,219 through 25-21,235) for the collection of damages related to the failure to remove items of personal property or for rental payments where, as here, no rental agreement existed. As a result the second and third counts of the amended petition were dismissed. Additionally, the county court found no basis for an award of attorney fees within the forcible entry and detainer statutes nor any custom or precedent to award attorney fees. As a result, KJH's motion for attorney fees was dismissed.

KJH filed a motion to reconsider on September 23, 2021. At the hearing on the motion to reconsider, KJH admitted that they were not challenging the court's decision regarding the request for rent, but still sought damages based on Schroeder leaving personal property on the premises. KJH also explained that attorney fees were requested pursuant to Neb. Rev. Stat. § 25-824 (Reissue

2016), which authorizes attorney fees for claims or defenses that are frivolous or made in bad faith. The court denied the motion to reconsider on October 6.

KJH filed a notice of appeal to the district court. While we have been unable to locate a statement of errors in our record, the district court's opinion indicates that KJH did file a statement of errors which asserted that the county court erred by denying its claims for property damage and rent, and by failing to award attorney fees pursuant to § 25-824. Schroeder did file a statement of errors on cross-appeal. Schroeder's statement of errors all revolved around the county court's determination that no title dispute existed at the time of trial with respect to the Firth property.

The district court affirmed the decisions of the county court in an order entered on May 20, 2022. The district court first found that the county court did not lack jurisdiction to hear the forcible entry and detainer action. The court noted that at best Schroeder had only averred that a title dispute existed regarding the Firth property. The court first noted that final judgments had been entered in both the 2014 and 2019 actions initiated by Schroeder in the Lancaster County District Court. Then, specifically with respect to the lawsuit pending in federal court, the district court found that the only evidence offered was Schroeder's own complaint in federal court which was insufficient to demonstrate a title dispute.

As to KJH's claims on appeal, the district court found that the damages proven at trial had to do with costs of hiring a mediator as opposed to actual property damage. The district court also noted that rent was not sought in the motion for reconsideration, but even if the rent claim was reviewable, it would fail as no separate rental agreement existed between the parties and no independent basis to collect rent existed under the forcible entry and detainer statutes. Finally, the district court found no abuse of discretion in the county court's decision to deny KJH's attorney fee request. The district court noted that KJH was asking to be compensated for all the attorney fees charged notwithstanding its concession that Schroeder had the right to force KJH to prove its case-in-chief. The district court concluded: "Because [KJH] did not limit its request to only those attorney fees associated with the allegedly frivolous defenses and claims, the county court did not err by overruling the motion."

Schroeder now appeals from the district court's order. KJH cross-appeals.

## ASSIGNMENTS OF ERROR

In her brief, Schroeder makes nine assignments of error, which consolidated and restated, assert that the district court erred in affirming the county court's finding that no title dispute existed at the time of trial which deprived the county court of subject matter jurisdiction over the forcible entry and detainer action.

On cross-appeal, KJH assigns that the district court erred in affirming the county court's order which failed to award it attorney fees pursuant to § 25-824.

## STANDARD OF REVIEW

Subject matter jurisdiction and statutory interpretation present questions of law. *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Id.* An appellate court independently reviews questions of law decided by a law court. *Id.*

- 5 -

In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong. *Bloedorn Lumber Co. v. Nielson*, 300 Neb. 722, 915 N.W.2d 786 (2018). In reviewing a judgment awarded in a bench trial of a law action, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Id.*

On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *White v. Kohout*, 286 Neb. 700, 839 N.W.2d 252 (2013).

ANALYSIS

*Evidence of Title Dispute.*

We begin with Schroeder's assertion that the district court erred in affirming the county court's decision determining that no title dispute relative to the Firth property existed so as to divest the county court of subject matter jurisdiction. Schroeder claims the county court wrongly weighed the merits of Schroeder's other cases in determining whether a title dispute existed. KJH asserts that the district court correctly affirmed the decision that Schroeder's federal court case did not assert or create the existence of a title dispute. Upon our review, we find no error in the decision of the district court which affirmed the finding of the county court.

Nebraska law has long held that a court cannot determine a question of title in a forcible entry and detainer action. If the resolution of the case would require the court to determine a title dispute, it must dismiss the case for lack of jurisdiction. *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003). Because of its summary nature, the Legislature has narrowed the issues that can be tried in a forcible entry and detainer action to the right of possession and statutorily designated incidents thereto. *Id.* The action does not try the question of title, but only the immediate right of possession. *Id.* Thus, when a party attempts to interject a title dispute into a forcible entry and detainer action, thereby transforming the proceedings into an equitable action to determine title, the court is divested of jurisdiction. *Id.*

The mere averment that title is in dispute in another action involving the same property does not automatically divest the court hearing the forcible entry and detainer action of jurisdiction. *Federal Nat. Mortgage Assn. v. Marcuzzo*, 289 Neb. 301, 854 N.W.2d 774 (2014). Instead, the court may proceed until the evidence discloses that the question involved is one of title. *Id.*

In *Federal Nat. Mortgage Assn. v. Marcuzzo, supra*, the defendants alleged the county court lacked subject matter jurisdiction in a forcible entry and detainer action because there was a title dispute of the property in another case. However, at a hearing on the defendants' motion, neither party appeared, and no evidence was presented. *Id.* The court denied the defendants' motion to dismiss, but later granted the plaintiff's motion to continue the forcible entry and detainer action until the other case was resolved. *Id.* On appeal, the Supreme Court held that the court did not err in failing to dismiss the forcible entry and detainer action for lack of subject matter jurisdiction because there was no evidence presented to the court regarding a title dispute. *Id.* In so holding, the Supreme Court stated, "we long ago said that a court must find from the competent evidence whether title to real estate is drawn in question, and not from the pleadings or from the claims or pretensions of the parties." *Id.* at 308, 854 N.W.2d at 780. In other words, a party alleging a title dispute cannot rely on the contents of their own pleadings as evidence.

In support of her contention that there was a title dispute, Schroeder offered into evidence a copy of the complaint filed in the federal district court and a copy of the docket for that case to show that it was pending at the time of the forcible entry and detainer action. KJH offered the order and judgment from Schroeder's 2014 case showing that the appellate mandate was spread in 2018, concluding the proceedings. KJH also offered the order dismissing Schroeder's 2019 district court case. As shown in these orders, the two cases filed in the Lancaster County District Court were completed prior to the initiation of the action with KJH. Thus, the only dispute that was ongoing at the time of the forcible entry and detainer action was the federal court case.

A review of the pleadings in Schroeder's federal court case affirmatively shows that there was no title dispute present. Schroeder's federal case was brought pursuant to the Fair Debt Collection Practices Act and alleges four causes of action: (1) the defendants attempted to collect a debt from parties with whom they did not have a contract for professional services, (2) the defendants attempted to collect a debt for a non-existent judgment creditor or illusory trust, (3) the defendants engaged in collection activity without prior offer or mediation, and (4) the defendants violated 15 U.S.C. § 1692(e) pursuant to a frivolous foreclosure suit, citing the 2014 Lancaster County District Court case. Clearly, the first three causes of action alleged by Schroeder do not dispute the title of the Firth property. The fourth cause of action mentions the foreclosure suit but does not dispute KJH's title to the property. There, Schroeder cites to her 2014 lawsuit in challenging the foreclosure. However, Schroeder's fourth cause of action makes no assertion that the state court granted her relief from foreclosure proceedings. Moreover, her prayer for relief asks only for damages, not injunctive relief. We note that on appeal, Schroeder does not argue that her federal lawsuit could have prevented her from losing title to the Firth property. The record reveals that the state district court in the 2014 case found no genuine issue as to any material facts with respect to all causes of action alleged by Schroeder, including her claims for quiet title, wrongful foreclosure, conversion, slander of title, and injunctive relief. That finding was affirmed by this court in 2018. At the time of KJH's forcible entry and detainer action, the issue of title had been fully litigated and concluded. Schroeder's further attempts to relitigate the issue does not create a title dispute. The county court did not err in finding that there was not a title dispute divesting the court of subject matter jurisdiction and the district court did not err in affirming the county court's decision.

However, Schroeder submits that the county court erred by weighing the evidence presented, and asserts that the mere existence of another suit is enough to divest the court of subject matter jurisdiction under *Marcuzzo*. We disagree. The Supreme Court clearly stated that "competent evidence" of a title dispute must be presented for jurisdiction to be divested. *Federal Nat. Mortgage Assn. v. Marcuzzo*, 289 Neb. 301, 308, 854 N.W.2d 774, 780 (2014). "The mere averment that title is in dispute in another action involving the same property does not automatically divest the court hearing the forcible entry and detainer action of jurisdiction." *Id*. at 307, 854 N.W.2d at 779. A court cannot accept a party's contention that a title dispute exists without further inquiry. *Marcuzzo* requires a court to find competent evidence of a title dispute. Therefore, in this case, the county court's inquiry into the contents of Schroeder's federal court case did not constitute error. Based on the competent evidence presented, the county court found no title dispute to exist. Thus, we find that the district court did not err in affirming the order of the county court.

*Request for Attorney Fees.*

We now turn to KJH's request for $11,888 in attorney fees pursuant to § 25-824. The district court affirmed the county court's denial of attorney fees because KJH requested attorney fees for all the work done before the county court but only argued that some of Schroeder's claims and defenses were frivolous and failed to present evidence that its attorney fees were reasonable. We find that the district court did not abuse its discretion in affirming the county court's order denying KJH's request for attorney fees.

Section 25-824 provides, in relevant part, that a

court shall assess attorney's fees and costs if, upon the motion of any party or the court itself, the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment.

The award of attorney fees is discretionary. *Cisneros v. Graham*, 294 Neb. 83, 881 N.W.2d 878 (2016). The Supreme Court has stated:

Attorney fees can be awarded when a party brings a frivolous action that is without rational argument based on law and evidence. We have previously explained that the term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous. Attorney fees for a bad faith action under § 25-824 may also be awarded when the action is filed for purposes of delay or harassment. We have also said that relitigating the same issue between the same parties may amount to bad faith. Finally, any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question.

*Id.* at 104, 881 N.W.2d at 892 (quoting *White v. Kohout*, 286 Neb. 700, 709-10, 839 N.W.2d 252, 260-61 (2013)). The determination of whether a particular claim or defense is frivolous must depend upon the facts of a particular case. *Harrington v. Farmers Union Co-Op. Ins. Co.*, 13 Neb. App. 484, 696 N.W.2d 485 (2005).

KJH requested $11,188 in attorney fees, which represents the total amount charged for counsel's work on the entire forcible entry and detainer action excluding the appeal. KJH argues that attorney fees should be awarded because Schroeder continuously asserted a defense with no merit nor legal basis and further delayed the proceedings by filing a jury demand which was withdrawn the day before trial and filing a replevin action that was later voluntarily dismissed. KJH does not dispute that Schroeder had a right to force KJH to prove its case-in-chief or to present a defense. In a case such as this, where only some, but not all, of a party's claims or defenses are alleged to be frivolous, a trial court can only award attorney fees for those claims which are found to be frivolous. See *George Clift Enters. v. Oshkosh Feedyard Corp.*, 306 Neb. 775, 947 N.W.2d 510 (2020). The county court gave full and fair consideration to the request for attorney fees and determined that KJH was not entitled to such an award. The district court found no abuse of discretion in the county court's decision. While our review of the record reveals tactics taken by Schroeder and her counsel that appear suspect and possibly vexatious, we cannot find any abuse of discretion. As found by the district court, KJH did not present evidence of what portion of its

attorney fees were occasioned by frivolous actions taken by Schroeder. We find that the county court did not abuse its discretion in finding that KJH was not entitled to an award of its full attorney fees and the district court did not err in affirming the order denying KJH's request for attorney fees.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court, which affirmed the county court's orders.

AFFIRMED.